IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Therl Taylor,

        Plaintiff,

vs.

South Carolina Department of Corrections;
Warden Levern Cohen, individually and/or
in his official capacity as Warden of
Ridgeland Correctional Institution,

        Defendants.

Civil Action No. 0:19-CV-02105-JFA

**ORDER**

## I.    INTRODUCTION

Therl Taylor ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*. (ECF No. 2). Although this case was originally filed as a multi-Plaintiff action on October 31, 2017, the cases were later severed into separate actions. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to the Magistrate Judge.

This matter is before the Court on Defendants South Carolina Department of Corrections' ("SCDC") and Warden Levern Cohen's ("Cohen") (collectively "Defendants") Motion for Summary Judgment which was filed on April 12, 2019. (ECF No. 3). Plaintiff filed a Response in Opposition (ECF No. 4) and Defendants filed a Reply. (ECF No. 5). The Magistrate Judge granted the parties a limited re-opening of discovery to allow Defendants to supplement their responses to certain discovery requests from Plaintiff and to allow Plaintiff to depose an expert witness. (ECF No. 23). Following the deposition of Plaintiff's expert witness, the parties submitted supplemental briefing on Defendants' dispositive motion. (ECF No. 33; 35).

1

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") (ECF No. 47) and opines that Defendants' motion for summary judgment (ECF No. 3) should be granted in part and denied in part. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, the Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The parties were advised of their right to object to the Report, which was entered on the docket on November 25, 2019. (ECF No. 47). On December 9, 2019, Defendants timely filed Objections (ECF No. 53), and Plaintiff filed a Reply on December 23, 2019. (ECF No. 55). Thus, this matter is ripe for the Court's review.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## II.    LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.    DISCUSSION

This action rises from an alleged inmate-on-inmate attack that occurred at Ridgeland Correctional Institution ("Ridgeland"). Although the Magistrate Judge provides a thorough recitation of the facts which is incorporated by reference, a brief summary is necessary to address Defendants' objections.

Plaintiff alleges that on December 6, 2016, he returned to his dorm from the cafeteria when another inmate motioned for him to come over by the kiosk machine to smoke marijuana. Plaintiff alleges that he refused and tried to walk away, however, "a number of inmates" dragged him into

3

a cell where he was attacked. Plaintiff alleges he was hit with a lock in his right eye and head, knocked down and kicked. At the time of the attack, Plaintiff alleges there was no correctional officer on his wing. Furthermore, Plaintiff alleges the lock used during the attack was sold by Defendant SCDC and although the locks were used as weapons, Defendant SCDC failed to take the locks away from the inmates.

The next morning, a correctional officer took Plaintiff to medical. Subsequently, he was transported to Coastal Carolina Medical Center where he was hospitalized for eight days. Then, he was taken to Kirkland Correctional Institution infirmary where he stayed for five days. Finally, Plaintiff was transferred to MacDougall Correctional Institution ("MacDougall").

In the amended complaint, Plaintiff alleges four causes of action: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against Defendant Cohen pursuant to § 1983; and (3) failure to implement appropriate policies, customs, and practices against Defendant Cohen pursuant to § 1983; and (4) violation of the SCTCA against Defendants SCDC and Cohen. Additionally, Plaintiff seeks relief under the "the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution."

In the Report, the Magistrate Judge first addresses the failure of Plaintiff to exhaust his administrative remedies and whether this failure should bar Plaintiff's claims. The Magistrate Judge recommends that this action should not be dismissed because of the failure of Plaintiff to exhaust his administrative remedies.

Next, the Magistrate Judge proceeds to address the merits of Plaintiff's claims. The Magistrate Judge recommends that summary judgment should be denied as to Plaintiff's § 1983 Eighth Amendment claims against Defendant Cohen in his individual capacity, Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity, his state

4

law claims for negligence and gross negligence against Defendant SCDC, and his state law claim for injunctive relief against Defendant SCDC. The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment on the remainder of Plaintiff's claims such that they are dismissed with prejudice.

For the reasons set forth below, the Court adopts in part and rejects in part the Report and Recommendation and therefore, Defendants' motion for summary judgment is granted in part and denied in part.

### a. Exhaustion of Administrative Remedies

The Court will first address the issue of the failure of the Plaintiff to exhaust his administrative remedies and whether this failure bars this suit before considering the merits of Plaintiff's claims. The parties do not dispute that Plaintiff has failed to exhaust his administrative remedies prior to filing this suit as required by the Prison Litigation Reform Act ("PLRA").[2] However, the parties do dispute whether Plaintiff's administrative remedies were effectively unavailable to him such that his failure to exhaust can be excused and his claims can proceed.

The Magistrate Judge finds "an issue of material fact as to whether the Inmate Grievance System operated as a 'dead end' in this instance such that the administrative remedy process was unavailable" to Plaintiff. While the Court agrees with the Magistrate Judge that the administrative remedy process was effectively unavailable to Plaintiff, it disagrees with the Magistrate Judge's conclusion that the issue of exhaustion presents a question of fact to be decided by a jury. The Fourth Circuit has held that "whether a Plaintiff has properly exhausted all administrative remedies

---

[2] Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

is a pure question of law…" *E.L ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 514 (4th Cir. 2014); *Talbot v. Lucy Corr Nursing Home*, 118 F.3d 215, 218 (4th Cir. 1997) (holding that whether plaintiff properly exhausted all administrative remedies is a question of law reviewed de novo). Therefore, the Court may resolve the question of exhaustion without the participation of a jury. *Woodhouse v. Duncan*, 741 Fed. App'x, 177, 178 (4th Cir. 2018) ("Judges may resolve factual disputes relevant to the exhaustion issue without participation of a jury.").

Plaintiff submitted his first Step 1 grievance on December 23, 2016 stating he was "maliciously moved from the transitioning Charleston Character Unit…without reason or justification by I/P Coordinators and T. Jenkins" and recounting the attack that occurred on December 6, 2016. Under "action requested" on the form, Plaintiff states "Basic cooperation & investigation to identify and prosecute all involved persons. Compensation. Proper mental health treatment. Adequate security, future prevention of similar attack or worse. Hold perps accountable." On January 6, 2017, Plaintiff received a response from the Inmate Grievance Coordinator stating the grievance "will be held in abeyance" pending a review by SCDC's Division of Police Services. On August 24, 2017, Plaintiff received a response form Defendant Cohen which summarized the nature of Plaintiff's allegations, thanked Plaintiff for his willingness to cooperate, and affirmed that any legal action taken would be pursued by law enforcement and those persons involved will be held accountable. Defendant Cohen indicated he considered the grievance resolved and instructed Plaintiff to file a Step 2 grievance if he disagreed with Defendant Cohen's decision. Although Plaintiff signed the Step 1 grievance form and checked the box marked "I do not accept the Warden's decision and wish to appeal," Plaintiff never filed a Step 2 grievance.

Plaintiff contends that his failure to exhaust his administrative remedies should be excused because Mary Montouth, the Inmate Grievance Coordinator ("Montouth") intentionally withheld

6

grievance forms from him in the past and in this instance. This is a disputed issue of fact as to whether the administrative remedies were unavailable to Plaintiff. Thus, the Court must now make findings on the disputed issues of fact to decide whether administrative remedies were available to Plaintiff, and if so, whether he properly exhausted his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008) (holding that exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts.").

In their objections, Defendants argue Plaintiff has failed to present any evidence to support the allegation that Montouth intentionally withheld grievance forms from Plaintiff. In his affidavit, Plaintiff explained that he was not given a Step 2 grievance form because his Step 1 grievance was essentially granted, and Step 2 grievance forms are only available when the Step 1 grievance has been denied. However, Montouth's testimony at her deposition conflicts with Plaintiff's understanding of how to obtain a Step 2 grievance form as she stated that inmates can get a Step 1 or a Step 2 form by requesting one from her. Additionally, Plaintiff's understanding of when a Step 2 grievance form becomes available also conflicts with Defendant Cohen's response to his Step 1 grievance. Defendant Cohen responded by stating that Plaintiff could file a Step 2 grievance form if he disagreed with Defendant Cohen's decision. Although Plaintiff checked the box indicating that he did not agree with Defendant Cohen's decision, he alleges he never received a Step 2 grievance form. A review of the Inmate Grievance System procedures is of little help in determining the proper way to acquire a Step 2 grievance form as it lacks any explanation on the matter. It should be mentioned that it does state that Step 1 grievance forms can be found "in common areas, i.e., living areas, libraries, etc." rather than by request from the Inmate Grievance Coordinator.

Construing all inferences and ambiguities against the movant and in favor of the non-moving party, Plaintiff has presented sufficient evidence to demonstrate that the administrative process was either a "dead end" or so "opaque" that it was practically incapable of use.[3] *United States v. Die bold*, Inc., 369 U.S. 654, 655, 82 S.Ct. 2548 (1986); *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-1609 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). By intentionally withholding grievance forms from Plaintiff, Montouth was "consistently unwilling to provide any relief" to Plaintiff which resulted in the administrative remedy process being a "dead end." Moreover, the administrative remedy process was ambiguous because it is not clear that Plaintiff was required to request a Step 2 grievance form from Montouth. The Inmate Grievance System procedures do not explain how to obtain a Step 2 grievance form and Montouth, Plaintiff, and Defendant each had a different understanding as to when and how an inmate can acquire such form.

Therefore, the Court adopts in part and rejects in part the Report and Recommendation. The Court declines to adopt the Magistrate Judge's conclusion that the issue of exhaustion presents a question of fact to be decided by a jury because the Fourth Circuit has held that it is an issue of law. The Court adopts the Magistrate Judge's conclusion that Plaintiff's administrative remedies were effectively unavailable and finds that the failure of Plaintiff to exhaust does not bar this suit.

---

[3] In *Ross v. Blake*, the Supreme Court set forth three scenarios where the administrative process is considered "unavailable": (1) the administrative process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative process is so opaque that no ordinary prisoner can discern or navigate through the process; and (3) the "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." 136 S.Ct. 1850, 1853–54 (2016).

Defendants' motion for summary judgment as to non-exhaustion is denied and the Court will now consider the merits of Plaintiff's claims.

### b. Eleventh Amendment Immunity

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment based on Plaintiff's § 1983 claim for injunctive relief against Defendant SCDC and § 1983 claim for monetary damages against Defendant Cohen in his official capacity because the Eleventh Amendment bars these claims. However, the Magistrate Judge makes clear that the Eleventh Amendment does not bar Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity and the Court should deny Defendants' motion on this ground.

Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment based on Plaintiff's § 1983 claims against Defendant SCDC for injunctive relief and against Defendant Cohen for monetary damages in his official capacity. Defendants' motion for summary judgment is denied as to Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity.

### c. Constitutional Claims against Defendant Cohen

Plaintiff brings several claims for constitutional violations pursuant to § 1983 against Defendant Cohen. As laid out in the Report and Recommendation, Plaintiff alleges that Defendant

9

Cohen deprived him of his rights, as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, due process of law and to be free from cruel and unusual punishment. Additionally, Plaintiff seeks relief under the Seventh Amendment of the United States Constitution. The Court will address each of Plaintiff's constitutional claims in turn.

### i. Plaintiff's Fifth and Fourteenth Amendment Rights

The Magistrate Judge recommends granting Defendants' motion for summary judgment on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights. Plaintiff alleges that "Defendants failed to protect the Plaintiff from violence in violation of the Plaintiff's Fifth, Eighth, and Fourteenth Amendments." Plaintiff's claims are based on allegations of Defendant Warden Cohen's deliberate indifference and failure to adequately train and supervise SCDC employees. However, as the Report sets out, Plaintiff is a state prisoner not a pretrial detainee and as such, his claims implicate the Eighth Amendment's protection against cruel and unusual punishment, not the Fourteenth Amendment's requirement of due process.

Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court adopts the Report and Recommendation on this ground and grants Defendants' motion for summary judgment based on Plaintiff's claims for violation of his Fifth and Fourteenth Amendment rights.

### ii. Plaintiff's Seventh Amendment Rights

The Magistrate Judge recommends granting Defendants' motion for summary judgment on Plaintiff's claims for violation of his Seventh Amendment rights. As the Magistrate Judge

10

correctly points out, the Seventh Amendment guarantees the right to a jury trial and the amended complaint does not allege how Defendant Cohen has violated Plaintiff's Seventh Amendment right. Defendants did not file objections on this ground and in Plaintiff's reply to Defendants' objections, Plaintiff does not further explain this allegation and simply requests that the Court adopt the Report and Recommendation in full. Therefore, the Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment based on Plaintiff's claim for a violation of his Seventh Amendment right.

### iii. Plaintiff's Eighth Amendment Rights

The Magistrate Judge recommends that the Court deny Defendants' motion for summary judgment based on Plaintiff's Eighth Amendment claims against Defendant Cohen. The Magistrate Judge also concludes that Defendant Cohen is not entitled to qualified immunity because there is a genuine issue of material fact as to whether Defendant Cohen violated Plaintiff's clearly established rights.

In the amended complaint, Plaintiff alleges that Defendant Cohen acted "in a deliberate indifferent manner" by "allowing uncontrolled violence in the correctional institution"; "failing to provide protection and security for the Plaintiff"; and "allowing inmates to have dangerous weapons." Additionally, Plaintiff alleges Defendant Cohen failed to adequately train and supervise SCDC employees, and he "implicitly or explicitly, adopted and implemented careless and reckless policies, customs, and practices, including…failing to prevent inmates from obtaining and possessing dangerous weapons."

Defendants filed four objections to the Report on this ground which the Court will address in turn.

11

### 1. The Magistrate Judge Relies on Inapplicable Authorities

In their objections, Defendants argue that the Magistrate Judge relies on two cases to support its finding that a genuine issue of material fact exists as to Plaintiff's Eighth Amendment and state law claims and both cases are distinguishable from the case at bar. The Court disagrees.

The Magistrate Judge cites to *Wynn v. Perry* to support its recommendation of denying summary judgment as to Plaintiff's Eighth Amendment claims. No. 3:14-CV-625-FDW, 2018 WL 1077321, at 28 (W.D.N.C. Feb. 27, 2018). In *Wynn*, the Court found a genuine issue of material fact existed as to the plaintiff's Eighth Amendment failure to protect claim because the plaintiff was able to show that a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Id.* According to Defendants, *Wynn* can be distinguished from the case at hand because in *Wynn,* that court noted that the defendant prison administrator "had access to tools for reducing the danger in the housing units and there is a genuine dispute with regards to whether he took reasonable actions to reduce the threat to inmates' safety." *Id.* Whereas, here, Defendants assert Plaintiff has failed to offer evidence that Defendant Cohen had access to tools for reducing any potential danger to Plaintiff.

The Magistrate Judge points out that the Roth Report[4] "makes a number of recommendations for an 'effective prevention and detection plan' to decrease the number of contraband related incidents and incidents of assault." However, "there is no evidence in the record that Defendant Cohen ever took steps such as those recommended in the Roth Report…" Additionally, Plaintiff has alleged that there was no correctional officer present on his wing at the

---

[4] The "Roth Report" was drafted by Tom Roth in March of 2018 in connection with a settlement of another case against SCDC (the "Mental Health Settlement"). It analyzes 13 SCDC institutions, including Ridgeland where Plaintiff was located when he was attacked. The report provides a "security staffing assessment" based on documentation reviews, staff interviews, and on-site assessments.

time of the attack. Despite Defendant Cohen testifying that if a correctional officer must leave their assigned wing, they should first secure the wing by locking all the cell doors, there is no evidence that he addressed this alleged violation after Plaintiff's attack.

Viewing the facts in the light most favorable to Plaintiff, the Court finds there is a genuine issue of material fact with regards to whether Defendant Cohen had access to tools for reducing potential danger to inmates. Moreover, like the defendant prison administrator in *Wynn*, there is a genuine dispute with regards to whether Defendant Cohen took reasonable action to reduce any threat to inmates' safety. Therefore, the Court finds the Magistrate Judge's reliance on *Wynn v. Perry* is proper and overrules Defendants' objection.

Defendants next argue that Plaintiff has failed to establish that Defendant Cohen was aware of a "substantial risk of serious harm that was longstanding, pervasive, and well documented before the alleged assault on him occurred." In *Wynn*, the court concluded that the defendant prison administrator was sufficiently aware of a substantial risk of harm when he learned "via PA announcements, emails, phone calls, and incident reports, that inmate-on-inmate attacks with contraband weapons frequently occurred in the prison." *Id.* Similarly, Defendant Cohen testified that he reviews contraband reports, has weekly briefing regarding the ongoing issues of security in his facility, reviews inmate's grievances regarding assaults and criminal activity, and reviews the compliance audits.

The Court finds that the circumstantial evidence in the instant action is sufficiently similar to the evidence presented in *Wynn* to overrule Defendant Cohen's objection on this ground. There is a genuine dispute with regards to whether Defendant Cohen was aware of a substantial risk of serious harm that was longstanding, pervasive, and well documented before Plaintiff's assault

13

occurred. Therefore, the Court finds the Magistrate Judge's reliance on *Wynn v. Perry* is proper and overrules Defendants' objection.

The Magistrate Judge also cites to *Hollabaugh v. Cartledge* to further support the recommendation of denying summary judgment as to Plaintiff's Eighth Amendment claims. No. 9:14-CV-1324-BHH-BM, 2016 WL 11423538 (D.S.C. May 7, 2016). In *Hollabaugh v. Cartledge*, that court found a genuine issue of material fact as to the plaintiff's Eighth Amendment failure to protect claim against the defendant warden and defendant associate warden where the plaintiff alleged he was beaten and stabbed by other inmates after his cell door was left unlocked and unsecured in violation of SCDC policy. *Id.*

In their objections, Defendants argue that *Hollabaugh* is distinguishable from the case at hand because here there is not an SCDC policy or procedure at issue. Rather, Defendants argue this case presents the question of supervisory liability and there is no evidence in the record to establish the requisite elements for this claim. However, the Court finds these concepts are not mutually exclusive. The instant case presents the question of supervisory liability based on an alleged violation of Ridgeland policy which may have led to Plaintiff's attack.

The Magistrate Judge cites to the Post Orders which indicate that housing unit officers at Ridgeland are to "remain on assigned wing at all times to maintain sight and sound of inmates." Plaintiff alleges that at the time of his attack, "the correctional officer assigned to his wing was also assigned to another wing and was not present." As pointed out by the Magistrate Judge, per the Post Order, the officer should have never left the wing and by doing so, it was a violation of Ridgeland policy. Moreover, the Magistrate Judge argues that there is no evidence in the record that Defendant Cohen ever addressed this policy violation. The Court finds that this case involves a specific policy or procedure at issue and supervisory liability because of a genuine dispute as to

14

whether Defendant Cohen took any steps to address the alleged policy violations by the employees. Therefore, the Magistrate Judge's reliance on *Hollabaugh* is proper and overrules Defendants' objection.

### 2. The Roth Report is Misconstrued and Taken without Context

In their objections, Defendants argue that the Magistrate Judge simply accepts Plaintiff's presentation of the Roth Report as evidence and improperly uses it as support in denying Defendants' motion for summary judgment. Defendants assert that the Magistrate Judge uses the Roth Report to conclude that Defendants should have been aware of the understaffing issues at Ridgeland and that those issues would result in Plaintiff being assaulted. Defendants contend this conclusion is improper because Plaintiff's attack occurred in 2016, and Mr. Roth did not visit Ridgeland until September 2017.

The Court disagrees with Defendants' arguments. The Magistrate Judge does not use the Roth Report as conclusive evidence but rather, uses it as support in denying Defendants' motion because it creates a genuine dispute as to whether Defendants were aware of the alleged understaffing issues and whether those issues contributed to Plaintiff's attack.

Additionally, while Mr. Roth may not have physically visited Ridgeland until September 2017, his report includes a chart of security staff levels at Ridgeland from 2011 to 2018. As the Magistrate Judge pointed out, the chart shows a "24% decrease in available staff from January 1, 2013 to January 1, 2018." Further, the Roth Report concludes that there is a correlation between the decrease in staffing and increase in contraband related incidents and incidents of assaults. Viewing the facts in the light most favorable to Plaintiff, a site visit does not appear to have been necessary for Mr. Roth to perform his analysis or come to his conclusions. The Magistrate Judge properly used these conclusions to find a genuine issue of material fact for summary judgment.

15

Therefore, the Court finds the Magistrate Judge's reliance on the Roth Report is proper and overrules Defendants' objections.

### 3. Prior Inmate-on-Inmate Assaults are Inadequate to give Rise to Supervisory Liability

In their objections, Defendants argue that the notice of understaffing issues is insufficient to constitute notice in a gross negligence or deliberate indifference analysis. Defendants assert that the application of "general notice" on a correctional institution is imposing a strict liability standard which is improper. Defendants argue Plaintiff has failed to establish Defendant Cohen was aware of specific facts which would give rise to an inference that Plaintiff would be subject to an attack. Finally, Defendants argue there is no evidence supporting the contention that the prior number of assaults and contraband violations correlate to inmate-on-inmate violence.

Defendants argue the Magistrate Judge imposed an improper "general notice" standard on Plaintiff's claims of gross negligence and deliberate indifference. The Court first notes that Defendants' objection fails to cite or otherwise reference where in the Report the Magistrate Judge imposes such standard. *States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations."). *Tyler v. Wates*, 84 Fed. App'x 289, 290 (4th Cir. 2003) ("a general objection to the entirety of the magistrate judge's report is tantamount to a failure to objection."). The Court finds that Defendants' objection is improper and does not warrant *de novo* review.

However, to the extent that Defendants' objection is considered, Defendants' argument misses the mark. The Magistrate Judge never imposed a general notice standard or strict liability upon Defendant SCDC. In fact, the Magistrate Judge made clear that "the Supreme Court has outlined two requirements for an Eighth Amendment Failure to protect claim…" "First, a prison

16

official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities." "Second, the prison official must have a 'sufficiently culpable state of mind," …. which means the official…acted with 'deliberate indifference.'" "A prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety.'"

Further, the Magistrate Judge explained that Plaintiff could establish a genuine issue of material fact as to Defendant Cohen's deliberate indifference by showing that a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Wynn v. Perry*, No. 3:14-CV-625-FDW, 2018 WL 1077321, at 28 (W.D.N.C. Feb. 27, 2018). Here, Plaintiff has sufficiently demonstrated, through the Roth Report, that he was subject to a substantial risk of serious harm that was longstanding, pervasive, and well documented before his attack on December 6, 2016. The Magistrate Judge took special care to walk through the evidence Plaintiff presented in order to demonstrate that there is a genuine dispute of material fact as to Defendant Cohen's deliberate indifference to a threat to Plaintiff's safety.

Specifically, the Magistrate Judge refers to the Roth Report which revealed "Ridgeland was severely understaffed during the time period relevant to this case; that the staffing levels directly impacted the number of contraband related incidents and incidents of assault; and that Ridgeland experienced a higher than average number of contraband related incidents and incidents of inmate-on-inmate assault." Additionally, the Roth Report stated, "the number of inmate-on-inmate assaults at Ridgeland were higher than that reported by other male level 2 facilities reviewed." The Magistrate Judge specifically points out Defendant Cohen's deposition testimony which established that he would have been notified of any contraband related incidents and inmate-on-inmate assaults at Ridgeland. While the Roth Report "makes a number of recommendations for an 'effective prevention and detection plan' to decrease the number of contraband related

17

incidents and incidents of assault," there is "no evidence in the record that [Defendant ] Cohen ever took steps such as those recommended in the Roth Report to address the staffing issues."

Defendants' final argument on this point is that the Magistrate Judge's reasoning implies that Defendants would be found grossly negligent/deliberately indifferent any time an inmate was assaulted, and Ridgeland was not fully staffed. The Court finds that this argument is unpersuasive. The argument suggests that Plaintiff's attack was a one-off incident that occurred when Ridgeland happened to be lacking a full complement of correctional officers. However, Plaintiff's evidence indicates otherwise. As the Magistrate Judge states, Plaintiff was attacked on December 6, 2016 and in that same year there were 56 incidents of inmate-on-inmate assaults and 123 contraband incidents. Further, the Roth Report stated that from 2011 to 2018 Ridgeland was consistently operating at extremely deficient staffing levels. Defendants' argument that Defendants would be found grossly negligent/deliberately indifferent any time an assault occurred is inconsistent with the facts of this case.

Next, Defendants argue that "there is no evidence that Warden Cohen was aware of specific facts from which an inference could be drawn that Plaintiff was subject to a substantial risk of harm." However, in *Wynn v. Perry*, the Court found "no issue with the plaintiff's failure to establish that the prison administrator knew 'of a *specific* risk' to the plaintiff posed by a *specific* inmate." *Id.* (emphasis added). Contrary to Defendants' assertion, Plaintiff was not required to establish Defendant Cohen was aware of specific facts because the Court in *Wynn* held that it was sufficient to find a genuine dispute of material fact when Plaintiff was able to show a "substantial risk of serious harm was longstanding, pervasive, and well-documented before the attack on him occurred." *Id.* As discussed previously, Plaintiff has produced evidence sufficient to make this showing.

18

Additionally, Defendants' argument that there is no evidence supporting the contention that the prior number of assaults and contraband violations correlate to inmate-on-inmate violence seems to boil down to their disagreement with the Roth Report and Mr. Aiken's[5] expert opinion. Whether or not a correlation exists between prior assaults, contraband violations, and inmate-on-inmate violence is an issue for Defendants to take up at trial during cross examination, but it is not a reason to overrule the Magistrate Judge's findings.

Therefore, the Court finds that the Magistrate Judge does not impose an improper standard, Plaintiff was not required to establish Defendant Cohen was aware of specific facts for a finding of deliberate indifference, and whether there is a correlation between the prior number of assaults, contraband violations, and inmate-on-inmate violence is an issue for the jury. Defendants' objection is overruled.

### 4. Plaintiff's Expert Witness is Given Undue Weight

In their objections, Defendants argues that the Magistrate Judge improperly relies on Plaintiff's expert witness' conclusion that the number of contraband related incidents and staffing levels at Ridgeland should have put Defendant Cohen on requisite notice of a threat to Plaintiff's safety. Defendant Cohen contends that there is no correlation between contraband weapons and an assault by one inmate on another. Further, Defendant Cohen suggests that he was not on notice of a threat to Plaintiff's safety simply because another inmate-on-inmate assault occurred at Ridgeland prior to Plaintiff's attack.

As to this ground, the Court overrules Defendants' objection. At trial, the jury will be tasked with evaluating the Plaintiff's expert's credibility and deciding what weight, if any, to give

---

[5] Plaintiff submitted three expert reports drafted by his expert witness, James Aiken, a former Warden, Deputy Warden, and Deputy Regional Administrator in South Carolina.

to his testimony, in light of the Court's instructions on the law. *United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1999); *Samuel v. Ford Motor Co*., 112 F. Supp.2d 460, 469 (D. Md. September 1, 2000). At this stage, Plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). The Court finds that the Magistrate Judge's reliance on Plaintiff's expert opinion is proper and overrules Defendants' objection.

### d. Plaintiff's State Law Claims for Violation of SCTCA

The Magistrate Judge recommends that Defendant SCDC is the proper Defendant with respect to Plaintiff's state law claims for negligence and gross negligence and that there is a genuine issue of material fact as to whether Defendant SCDC is liable for the alleged negligence and gross negligence of Defendant Cohen.

Although Plaintiff has brought these state law claims against Defendant SCDC and Defendant Cohen, the SCTCA makes clear that an employee of a governmental entity "is not liable except for actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. S.C. Code Ann. 15-78-70(a). Plaintiff has only alleged negligence and gross negligence against Defendant Cohen in his official capacity and these claims do not involve actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. As the Magistrate Judge has correctly concluded, Defendant SCDC is the only proper defendant with respect to Plaintiff's state law claims. The SCTCA provides that a governmental entity can be held liable for a loss resulting from a "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any…prisoner [or] inmate…of any governmental entity…when the responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25) (2005). Gross negligence is a mixed question of law and fact and should be presented to the jury unless the

20

evidence supports only one reasonable inference. *Bass v. S.C. Dep't of Soc. Servs.*, 414 S.C. 558, 571, 780 S.E.2d 252, 259 (2015).

Additionally, the Magistrate Judge concluded that the Eleventh Amendment does not bar Plaintiff's state law claims against Defendant SCDC. The Magistrate Judge explained that "by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court." *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S 613, 619 (2002). In other words, the Eleventh Amendment does not provide Defendant SCDC with immunity because it would have been subject to the same claims in state court pursuant to the SCTCA. The Court agrees with the Magistrate Judge's conclusion and finds the Eleventh Amendment does not bar Plaintiff's state law claims against Defendant SCDC.

The Court finds that there is a genuine issue of material fact as to whether Defendant SCDC is liable for the negligence or gross negligence of Defendant Cohen.[6] Defendants did not file objections on this ground and in his reply to Defendants' objections, Plaintiff requests the Court adopt the Report and Recommendation in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts the Report and Recommendation and denies Defendants' motion for summary judgment as to Plaintiff's state law claims for violation of the SCTCA.

---

[6] The Magistrate Judge finds "no genuine issue of material fact as to whether [Defendant] SCDC is liable for the alleged gross negligence" of Lieutenant Tynika Jenkins ("Jenkins") because there is no evidence in the record that Jenkins was the officer who was "not present" when Plaintiff was attacked. The Court agrees with the Magistrate Judge's conclusion and recognizes that the parties did not file objections on this ground.

### e. Injunctive Relief

The Magistrate Judge recommends that the Court deny Defendants' motion for summary judgment based on Plaintiff's claim for temporary and permanent injunctive relief against Defendant SCDC and Defendant Cohen in his official capacity. In their objections, Defendants argue that the Magistrate Judge fails to explain how Plaintiff lacks an adequate remedy at law or will suffer irreparable harm if the injunction is not issued. Defendants also assert that the Report errs in concluding that Plaintiff's request for injunctive relief is not mooted by his transfer to a different correctional institution.[7]

Defendants' presented identical arguments in their motion for summary judgment. The Magistrate Judge has already addressed Defendants' arguments. As to Plaintiff's alleged failure to establish an inadequate remedy at law, the Magistrate Judge explained that monetary damages are not an adequate remedy because Plaintiff's allegations involve the alleged inadequate safety and security within SCDC. When considering the evidence in the record, the Court agrees with Plaintiff's argument that monetary damages cannot replace Plaintiff's potential loss of life due to the potential threat to his safety he faces while incarcerated in an SCDC institution.

For this same reason, Plaintiff's transfer to another SCDC correctional institution does not moot his claim. He still faces a potential risk of harm regardless of the institution in which he is incarcerated because each institution in South Carolina is controlled by Defendant SCDC. The Magistrate Judge points to the Roth Report as persuasive evidence that the alleged lack of adequate staffing and incidents of contraband and assaults may not just be issues at Ridgeland, but rather, at all 13 SCDC institutions.

---

[7] The Magistrate Judge takes judicial notice that Plaintiff's release date is June 19, 2036.

Therefore, the Court adopts the Report and Recommendation and denies Defendants' motion for summary judgment as to Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity and his state law claim for injunctive relief against Defendant SCDC.[8]

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the thorough Report and Recommendation, and the objections thereto, the Court adopts in part and rejects in part the Report and Recommendation. (ECF No. 47). Defendants' Motion for Summary Judgment is granted in part and denied in part. (ECF No. 3). Specifically, the Court adopts the Report and denies Defendants' Motion for Summary Judgment on the following grounds: (1) Plaintiff's claims on the issue of exhaustion; (2) Plaintiff's § 1983 Eighth Amendment claims against Defendant Cohen in his individual capacity; (3) Plaintiff's § 1983 claim for prospective injunctive relief against Defendant Cohen in his official capacity; (4) Plaintiff's state law claims for negligence and gross negligence against Defendant SCDC; and (5) Plaintiff's state law claim for injunctive relief against Defendant SCDC. Additionally, the Court adopts the Report and grants Defendants'

---

[8] At the pretrial conference, the parties should be prepared to discuss whether Plaintiff's state law claim for injunctive relief against Defendant SCDC is barred by *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984) which held that the Eleventh Amendment bars injunctive relief actions in federal court against state officials for violations of state law. See *Briggs v. South Carolina Dept. of Corrections*, No. 13-cv-1348, 2014 WL 1278173 at 21 (Mar. 27, 2014) (holding because South Carolina, by virtue of the SCTCA, consented to suit for tort claims filed against it in state court, Defendants [SCDC] voluntary removal of the case to federal court waived the State's Eleventh Amendment immunity from suit in federal court for the same claims.); But See *McNeil v. South Carolina Dept. of Corrections*, No. 5:17-dv-00150-KDW 2017 WL 1048100 at (Feb. 28, 2017) ("The State of South Carolina has not consented to suit in federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is part of the South Carolina Tort Claims Act, which expressly provides that South Carolina does not waive Eleventh Amendment Immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court…").

Motion for Summary Judgment as to the remainder of Plaintiff's claims which are dismissed with prejudice. However, the Court declines to adopt the Report's conclusion that the issue of exhaustion presents a question of fact to be decided by the jury because the Fourth Circuit has held that it is an issue of law.

This case will be set for trial for the September/October term of court with jury selection on September 2, 2020 and trial beginning on September 28, 2020. The Court will issue a scheduling order setting forth the pretrial obligations of the parties for matters such as exhibits, witness lists, and motions in limine. The deadlines in the forthcoming trial schedule are all required in the Local Rules for the district and will not be extended.

IT IS SO ORDERED.

April 6, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

24